IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONYA HOFFMANN,<br>          Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br>d/b/a Wells Fargo Home Mortgage,<br>and<br>PHELAN HALLINAN DIAMOND &<br>JONES, LLP,<br>f/k/a Phelan Hallinan & Schmieg, LLP,<br>and<br>FLASTER/GREENBERG, PC,<br>and<br>KENNETH S. GOODKIND, ESQUIRE,<br>          Defendants. | Civil Action No.: 16-4230 |

## PLAINTIFF'S SURREPLY TO FLASTER/GREENBERG, PC, AND KENNETH S. GOODKIND, ESQUIRE'S REPLY BRIEF

Plaintiff, by and through undersigned counsel, submits this surreply to the reply brief filed by Defendants Flaster/Greenberg, PC, and Kenneth S. Goodkind, Esquire ("Goodkind") (Doc. 73).

Flaster/Greenberg and Goodkind's reply once again reiterates the self-serving remarks of its designated representative (see Reply Br. at 1-6 (citing Kizner Tr.)) with Counsel now opining about said remarks (see id.). As such, Flaster/Greenberg's reply fails to advance the story.

Flaster/Greenberg is still unwilling or unable to support its testimony even with relevant documents that it admitted that it has. (See, e.g., id. at 3-5 (records, transcripts, files, e-mails, letters sent to consumers).) Flaster/Greenberg excuses itself, at least in part, by asserting that records of civil actions are publicly available documents. (Id. at 1, 4 n.4, 5-6.) Even if so, Flaster/Greenberg's witness was unwilling or unable to identify where in the public record the requested documents may be obtained, i.e., which federal districts and state county courts were

1

involved.  (See Kizner Tr. at 71:9 - 74:15 (citing Ex. Flaster Greenberg-5 at 2).)  This is an insufficient response.  See, e.g., Avco Corp. v. Turn & Bank Holdings, Inc., Civ. A. No. 12-1313, 2015 U.S. Dist. LEXIS 188161, at **7-8 (M.D. Pa. Oct. 7, 2015) (holding that "neither party must produce copies of requested documents that are publicly available.  However, in order to ensure that Rule 26(b)(2)(C) is followed, and that it is less burdensome for the requesting party to obtain the publicly available documents on its own, the responding party must indicate where in the public record the requested documents may be obtained.").  And any public records would not include consumer collection matters in which suit was not filed or, as in this case, where Flaster/Greenberg or Goodkind never entered an appearance.  (See Kizner Tr. at 77:17 - 78:4 ("Q. What would happen if suit wasn't filed in a debt collection case?  MR. GERSH: Objection to form.  You can answer, if you can.  THE WITNESS: Obviously, if a suit wasn't filed, it would not be found on a Court Docket.  That's obvious.  BY MR. PEARSON: Q. And would Flaster have records of those cases that weren't filed?  MR. GERSH: Objection.  THE WITNESS: Yeah.").)

   Flaster/Greenberg expects Plaintiff to somehow know, with precision, which of its internal records she must request (see Reply Br. at 3 ("Importantly, Plaintiff cannot even clearly explain what she would seek in discovery . . . .")) and, sight unseen, what these records would reveal (see id. at 2 ("Plaintiff then merely points out that Flaster keeps records, such as litigation files which include, among other things, transcripts of all of the depositions its attorneys have taken, but does not explain how these even hint that the Flaster Defendants are FDCPA debt collectors . . . ."), 3-4 ("The few clearly-identified documents Plaintiff seeks in her opposition will have no bearing on the outcome of this dispositive issue.  Plaintiff provides no basis to even think that the emails between Attorney Goodkind and Flaster's attorneys that Attorney Goodkind

used to confirm the point that Flaster is not an FDCPA debt collector would reveal anything other than the fact that one attorney engages in consumer debt collection activity "in a blue moon," and the others do not at all. . . . Plaintiff makes no showing that these emails even hint that either Flaster Defendant is a FDCPA debt collector."), 5 ("Conspicuously missing from Plaintiff's opposition is any meaningful indication that these records have any bearing on whether the Flaster Defendants are FDCPA debt collectors.")). Indeed, Flaster/Greenberg uses the expression "once in a blue moon," see, e.g., https://en.wikipedia.org/wiki/Blue_moon, as if it were a legal term of art. (See Reply Br. at 1 ("Plaintiff only seeks emails that indicate that Flaster collects consumer debts once "in a blue moon," as confirmed by Attorney Kizner . . . ." ), 4 (quoting Kizner Tr. at 15:8-9).)

Plaintiff has clearly (see, e.g., Mem. Opp'n Mot. Summ. J. (Doc. 56) (citing, e.g., http://www.flastergreenberg.com)), provided the Court with well more than mere speculation that something may be uncovered through discovery (cf. Reply Br. at 3, 6 ("Put simply, Plaintiff has not been able to provide the Court with even mere speculation that she may be able to uncover something through discovery demonstrating that the Flaster Defendants are debt collectors for purposes of the FDCPA.")), while Flaster/Greenberg continues to play hide-the-ball with the evidence. It is not up to Flaster/Greenberg's designated representative to decide that Plaintiff's search of Flaster/Greenberg's records pertaining to debt collection activity would yield nothing of value (cf. id. at 2, 5) or up to its counsel to conclude that "Plaintiff's opposition makes clear she cannot, nor ever will be able to, establish that the Flaster Defendants are debt collectors under the FDCPA. . . . No amount of discovery will change this" (cf. id. at 3). And while it may be Flaster/Greenberg's position that "no document discovery is [even] permitted in this matter" (id. at 6 (citing Kizner Tr. at 76:4-22)), it is untrue that this is "a position which

Plaintiff's counsel did not challenge" (see Kizner Tr. at 81:12 - 82:5 ("MR. GERSH: I'm going to object and tell him not to answer that. That's beyond the scope of the deposition that was ordered by Judge McHugh. And this Witness is not presented as an expert on the cost of searching our files. You've been denied files. You've been denied documents during discovery, and this Witness was not presented on that topic. MR. PEARSON: It was not denied. Respectfully, it was not denied. MR. GERSH: The record is the record. I don't need to fight about it. You weren't entitled to engage in document discovery. MR. PEARSON: It was without prejudice to— MR. GERSH: That's still a denial.")).

Plaintiff has no desire to conduct "a discovery fishing expedition to audit Flaster's entire practice, including thousands of confidential client files" (Reply Br. at 1). Rather, Kizner testified that all new matters coming into Flaster/Greenberg are posted on its e-mail system with a short description. (See Kizner Tr. at 15:12-16 ("I see all the matters that are new matters that come into the firm. Because they're all posted on our e-mails—you know, through e-mails, the names of the cases with a short description."), 82:11 - 83:1 ("Q. Are they coded somehow? MR. GERSH: Objection to form. This Witness is not here to testify about the coding or the internal document procedures of Flaster Greenberg. It's beyond the scope of the Deposition Notice, and I'm going to instruct him not to answer. MR. PEARSON: What's the basis for that? MR. GERSH: This question about whether our internal files are coded or not is not a question as to whether Defendant's activities render a debt collector, as that term is used by the Fair Debt Collection Practices Act.").) Flaster/Greenberg, thus, has the relevant files flagged by description and/or code; so, if the search is preformed properly, no fishing is necessary.

                                    Respectfully submitted,

                                    s/ David E. Pearson
                                    _____
                                    David E. Pearson, Esquire
                                    6983 Weatham Street
                                    Philadelphia, PA 19119
                                    E-mail: DavidEP137@aol.com
                                    Telephone: (215) 849-1750
                                    Facsimile: (215) 849-1830
                                    Attorney for Plaintiff

Dated: October 8, 2018